BEFORE THE SECOND DIVISION, OCTOBER 7, 1958

**No. 62357.**—Fisher Scientific Company *v.* United States, petition 7227–R (Pittsburgh).

LAWRENCE, Judge: Additional duties imposed on six importations consisting of Mettler analytical balances and one importation of special magnifiers for use with said balances are here sought to be remitted pursuant to the provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489).

When this case was called for hearing at the port of Pittsburgh, Albert A. Abraham appeared as a witness on behalf of petitioner. He stated that he was the assistant purchasing agent of the Fisher Scientific Company, petitioner herein, and that his duties consisted of handling all of the details in connection with entry of merchandise for his employer. He testified that he prepared and filed the particular entries in question. Due to the fact that a new pricelist on Mettler balances went into effect on or about the date of the involved shipments, Abraham, prior to making entry, consulted with the manufacturer and with the customs officials at Pittsburgh, the port of entry. At the time of making each entry, a submission sheet was filed with the customs authorities giving all available facts regarding the importation at hand as well as those to follow. As indicative of this procedure, a standard form of submission sheet was received in evidence as petitioner's exhibit 1, from which it appears that instead of the proposed entered value of 1,248 Swiss francs each net for the B–5 Mettler analytical balances and 1,404 Swiss francs each net for B–6 Mettler analytical balances, plus 80 Swiss francs in each instance for packing, the appraiser suggested a value of 1,920 Swiss francs each for the B–5 model and 2,160 Swiss francs each for the B–6 balances, plus the 80 Swiss francs packing charge.

Upon receipt of the appraiser's recommendation, petitioner again consulted with representatives of the Mettler organization and with an attorney. It was decided to make entry of the initial importation at the lower invoice valuation and to institute a test case in the premises. The customs officials were advised of the procedure which would be followed. Subsequent entries were made under duress.

Abraham further stated that, in making entry of the merchandise, he did not intend to defraud the revenue of the United States and that he cooperated with the customs officials and made available to them all of the information which he had received from abroad.

At the conclusion of the proceedings, Government counsel stated for the record—

* * * that all of the information, advice and reports that has come to the office of the Assistant Attorney General, both from Customs and Treasury sources, is of a nature highly favorable to the Petitioner.

From the candid testimony of the entrant of the importations before the court and his explanation of the steps taken to ascertain the proper value thereof, it appears that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise, and we so find.

On the record before us and for the reasons stated above, the petition is granted. Judgment will be entered accordingly.